CORRECTED

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-0623V
UNPUBLISHED

| | |
|---|---|
| LAFONDA COLLIER, <br><br>             Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>             Respondent. | Chief Special Master Corcoran <br><br> Filed: May 24, 2021 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 26, 2019, Lafonda Collier filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza (flu) vaccination on December 6, 2017, and thereafter suffered from a left-sided shoulder injury related to vaccine administration (SIRVA). Petition at 1. Petitioner further alleges that she suffered the residual effects or complications from her left shoulder injury for more than six months. Petition at 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 24, 2021, a Ruling on Entitlement was issued finding Petitioner entitled to compensation for SIRVA. On May 24, 2021, Respondent filed a combined Rule 4(c) Report and Proffer on award of compensation ("Rule 4/Proffer") indicating that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

should be awarded a total of $72,938.02, consisting of $72,500.00 in pain and suffering and $400.00 for past unreimbursable out-of-pocket expenses, and $38.02 to satisfy a State of North Carolina Medicaid lien. Rule 4/Proffer at 7-8. In the Rule 4/Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4/Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner the following:**

a.  **a lump sum payment of $72,900.00 (consisting of $72,500.00 in pain and suffering and $400.00 for past unreimbursable out-of-pocket expenses) in the form of a check payable to Petitioner, and**

b.  **A lump sum payment of $38.02, representing compensation for satisfaction of the State of North Carolina Medicaid lien, payable jointly to Petitioner and to:**

> **North Carolina Division of Health Benefits**
> **Office of the Controller**
> **2022 Mail Service Center**
> **Raleigh, NC 27699-2022**

**Petitioner agrees to endorse this payment to North Carolina Division of Health Benefits.**

These amounts represent compensation for all damages that would be available under § 15(a). The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.